SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>    Plaintiff,<br><br>v.<br><br>BILL HYATT, an individual,<br><br>    Defendant. | Case No.: 2:10-cv-01736-KJD-RJJ<br><br>**PLAINTIFF RIGHTHAVEN'S AMENDED MOTION FOR DEFAULT JUDGMENT, DAMAGES, ATTORNEY'S' FEES AND COSTS, AND PERMANENT INJUNCTION AGAINST DEFENDANT BILL HYATT** |

Righthaven LLC ("Righthaven") hereby moves for entry of a default judgment, damages, attorneys' fees and costs, and issuance of a permanent injunction against Defendant Bill Hyatt ("Defendant"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Rule 54-16 of the Local Rules of Practice of the United States District Court for the District of Nevada, and 17 U.S.C. § 505. Righthaven's amended motion corrects the relief sought in the concluding section of this submission. Righthaven's amended motion is made and based upon the Declaration of Shawn A. Mangano, Esq. in Support of Plaintiff Righthaven's Motion for Default Judgment, Damages, Attorney's Fee and Costs and Permanent Injunction Against Defendant Bill Hyatt (the "Mangano Decl."), which has previously been filed with the Court, the Memorandum of Points and Authorities set forth below, the pleadings on record with the Court, and any oral argument of counsel to be entertained by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Righthaven moves this Court for entry of a default judgment against Defendant Bill Hyatt ("Defendant") based on his failure to file a responsive pleading or otherwise appear within the time allotted under Federal Rule of Civil Procedure 12(a)(1)(A)(i).  As set forth herein, Righthaven requests an award of damages in the amount of $150,000.00.  Righthaven additionally requests an award of attorney's fees and costs in the amount of $1,850.00. (Mangano Decl. ¶¶ 4-7.)  Righthaven additional asks this Court to, among other things, permanently enjoin Defendant from engaging in any further infringement of Righthaven-owned copyrighted works.

### II.   FACTS

Righthaven filed the Complaint in this matter on October 6, 2010. (Doc. # 1.) Service of the Summons on Defendant was effectuated on October 11, 2010. (Doc. # 6.)  To date, Defendant has not appeared, answered, or otherwise defended in any way this action.  On January 12, 2011, the Clerk of this Court entered default against Defendant. (Doc. # 9.)  Given Defendant's apparent intent to ignore this action and in view of the arguments set forth below, Righthaven is entitled to entry of a default judgment in its favor.

### III.  ARGUMENT

Defendant has willfully infringed the Righthaven-owned copyrighted work at-issue in this case, thereby derogating Righthaven's exclusive rights under 17 U.S.C. §§ 106(1)-(3) and (5).[1] Defendant has failed to timely answer, plead, or otherwise defend this action and default

---

[1] Pursuant to 17 U.S.C. § 106, the owner of a copyright has the exclusive right to do and to authorize any of the
(1)  to reproduce the copyrighted work in copies or phonorecords;
(2)  to prepare derivative works based upon the copyrighted work;
(3)  to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
(4)  in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, to perform the copyrighted work publicly;
(5)  in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
(6)  in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

2

has been entered against him.  (*See* Doc. # 9.)  As set forth below, Righthaven respectfully requests the Court enter default judgment against Defendant, to award appropriate damages, including attorney's fees and costs, and to permanently enjoin Defendant from further infringement of Righthaven-owned copyrighted works.

### A.   Righthaven is Entitled to Statutory Damages in the Amount of $150,000

#### 1.   Righthaven Should be Awarded $30,000 in Statutory Damages Pursuant to 17 U.S.C. § 504(c)(1).

Righthaven is entitled to $30,000 in statutory damages as a result of Defendant's willful infringement of the literary work entitled "FX's manly man shows hold outsider appeal" (the "Work"). (Compl. Ex. 1, Doc. #1, Ex. 1.)  As discussed in Section A(3), below, Righthaven is entitled to increase the requested $30,000.00 statutory damage award to $150,000.00 pursuant to 17 U.S.C. section 504(c)(2) because Defendant's infringement of the Work was willful.

In copyright infringement cases a plaintiff may elect either actual or statutory damages. 17 U.S.C. § 504(a).  In fact, the law is clear that "statutory damages are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.,* 357 Fed. Appx. 10, 11 (9th Cir. 2009); *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.,* 259 F.3d 1186, 1194 (9th Cir. 2001); *L.A. News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 996 (9th Cir. 1998).  Furthermore, the United States Supreme Court has held that an award of statutory damages within the limits prescribed by Congress is appropriate "even for uninjurious and unprofitable invasions of copyright." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952).  Statutory damages up to $30,000.00 per infringement may be awarded under 17 U.S.C. section 504(c)(1).  Righthaven requests the Court enter an award of statutory damages in the amount of $30,000.00 for Defendant's infringement of the Work in this action.

#### 2.  Defendant Committed Blatant Copyright Infringement

Defendant committed blatant and unabashed infringement of the Righthaven-owned copyrighted Work.  Proof of Defendant's culpability is clearly established through the pleadings.

Given his failure to appear in this action, Defendant has not presented a single piece of evidence to rebut Righthaven's allegations.

"To prove copyright infringement, a plaintiff must demonstrate (1) ownership of the allegedly infringed work, and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991); *citing Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989).  Here, Righthaven has irrefutably satisfied each of these requirements.

Attached to Righthaven's Complaint is the official submittal to the United States Copyright Office (the "USCO") for registration of the Work, including the application, the deposit copy and the registration fee. (Comp. Ex. 3, Doc. # 1, Ex. 3.)  Righthaven's completed registration for the Work is deemed effective upon receipt by the USCO and serves as *de facto* registration for purposes of granting subject matter over this action.  Section 410(c) of the Copyright Act provides, in pertinent part, that "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." *See also Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 201 (9th Cir. 1989); *Marquis Models, Inc. v. Green Valley Ranch Gaming, LLC*, Civ. No. 05-01400, 2007 WL 2904172 (D. Nev. Sept. 30, 2007).  Thus, in attaching the USCO registration to the Complaint, Righthaven thereby enjoys a presumption of ownership of the copyright in the Work.  Again, Defendant has done nothing to rebut this presumption given its failure to appear in this action.

Righthaven's Complaint further exhibits evidence of Defendant's infringement of the Work. (Compl. Ex. 2, Doc. # 1, Ex. 2-1.)  These supporting documents constitute prima facie evidence of Defendant's culpability.

### 3.   Defendant's Infringement was Committed Willfully, Thereby Entitling Righthaven to an Increased Statutory Damage Award of $150,000.

Defendant willfully infringed upon the Righthaven-owned copyrighted Work.  As such, Righthaven is entitled to an award of increased statutory damages in the amount of $150,000 pursuant to 17 U.S.C. section 504(c)(2).

4

As set forth above, Righthaven has requested a statutory damage award of $30,000 against Defendant in this action. The Copyright Act allows for increased statutory damages when the infringer acted willfully. Section 504(c)(2) of the Copyright Act provides, in pertinent part:

> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.

This provision is directly applicable given the nature of Defendant's blatant infringement, which is demonstrative of its willful intent.  Accordingly, Righthaven's request for statutory damages pursuant to section 504(c)(2) of the Copyright Act is appropriate.

A defendant willfully infringes on the copyright of another by acting "with knowledge that the defendant's conduct constitutes copyright infringement." *Peer Intern. Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).  This "knowledge standard" does not require that a defendant act with the "specific intent" to violate the plaintiff's copyright protection. *Coogan v. Avnet, Inc.*, Civ. No. 04-0621, 2005 WL 2789311 (D.Ariz. Oct. 24, 2005).  A defendant seeking to establish the innocence of an infringement must not only establish its good faith belief in the innocence of its conduct, it must also show that it was reasonable in holding such a belief. *Peer*, 909 F.2d at 1335-36.

Here, Righthaven's pleadings demonstrate Defendant's infringing conduct. (*See* Compl. Ex. 2, Doc. # 1, Ex. 2.) Defendant has, through his non-appearance, failed to contest Righthaven's detailed infringement allegations or otherwise establish its good faith belief in any alleged innocence for its conduct. *See Peer*, 909 F.2d at 1335-36. Given this record, Righthaven is entitled to increased statutory damages based on Defendant's willful infringement pursuant to 17 U.S.C. section 504(c)(2).

**B.**   ***Righthaven is Entitled to an Award of Attorneys' Fees and Costs in the Amount of $1,850 Against Defendant***

As discussed above, Righthaven is entitled to an award of statutory damages against Defendant pursuant to 17 U.S.C. section 504(c)(1), which Righthaven has requested be increased pursuant to 17 U.S.C. section 504(c)(2) in view of Defendant's willful infringement.  As

5

discussed below, Righthaven is also entitled to an award of attorney's fees and costs in this action pursuant to 17 U.S.C. section 505.

17 U.S.C. §505 authorizes an award of attorneys' fees and costs to the prevailing party:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Under 17 U.S.C. section 505, district courts are "given wide latitude to exercise equitable discretion." *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997); *see also The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003).  Moreover, this "discretion is not cabined by a requirement of culpability on the part of the losing party." *Entertainment Research*, 122 F.3d at 1229; *see also Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996).  District courts should consider the following nonexclusive factors in determining an award of attorney's fees: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. *See Entertainment Research*, 122 F.3d at 1229; *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 1033 n. 19 (1994).

Application of the foregoing law demonstrates Righthaven's entitlement to an award of attorney's fees and costs against Defendant.  Righthaven has detailed Defendant's infringement of the Work. (*See* Compl. ¶¶ 8-9, 20-22, 28-34, Ex. 2, Doc. # 1 ¶¶ 8-9, 20-22, 28-34, Ex. 2.) Defendant has failed to come forth with any viable defenses or assert even a solitary good faith justification for its conduct in response to the well-documented claims contained in Righthaven's Complaint.  Defendant was served with Righthaven's Complaint. (Doc. # 6.)   Despite service of the Complaint, and in the face if the allegations leveled against it, Defendant elected not to appear or otherwise defend.  Such inaction supports demonstrates the merits of this action, Defendant's inability to viably defend the allegations against it, and gives rise to the need to deter him from further infringing conduct through an award of attorney's fees and costs. *See*

6

*Entertainment Research*, 122 F.3d at 1229; *see also Fogerty*, 510 U.S. at 534 n. 19, 114 S.Ct. 1023 at 1033 n. 19.  As detailed in the accompanying declaration of counsel, Righthaven requests and award of attorneys' fees in the amount of $1,500.00 and an award of costs in the amount of $350.00.  (Mangano Decl. ¶¶ 4-7.)

### C.     *Righthaven is Entitled to Entry of a Permanent Injunction Against Defendant*

In addition to the relief requested above, Righthaven is also entitled to entry of a permanent injunction against Defendant pursuant to 17 U.S.C. section 502(a).

A copyright owner may also be entitled to permanent injunctive relief under 17 U.S.C. section 502(a), which empowers the Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  The standard for a permanent injunction is essentially the same as for a preliminary injunction except a permanent injunction requires a showing of "actual success" rather than "likelihood of success" on the merits. *Sierra Club v. Penfold*, 857 F.2d 1307, 1318 (9th Cir. 1988).  Therefore, the standard for permanent injunction is a demonstration of either (1) a combination of actual success on the merits and "the possibility of irreparable injury" or (2) the existence of "serious questions going to the merits" and that "the balance of hardship tipping sharply" in the movant's favor. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000); *quoting Sardi's Restaurant Corp. v. Sardie*, 755 F.2d 717, 723 (9th Cir. 1985).

Defendant has failed to defend these allegations and Righthaven should be determined to have prevailed on the merits of its infringement claim by virtue of entry of the requested default judgment.  As such, Righthaven should be found to have obtained "actual success" on its claims, thereby satisfying the first combination of factors for entry of a permanent injunction.  *See Sierra Club*, 857 F.2d at 1318; *see also GoTo.com, Inc.*, 202 F.3d at 1205.  Righthaven's allegations in this action further demonstrate that it will continue to be exposed to the risk of irreparable harm based on Defendant's conduct.  Defendant's failure to appear in this action has deprived Righthaven, either through settlement negotiations or otherwise, of its ability to ensure against future unauthorized acts of reproduction of Righthaven-owned copyrighted material. Moreover, Defendant's actions demonstrate a clear threat of continuing infringing conduct and, as such,

entry of the injunctive relief requested by Righthaven is justified. *See Bridgeport Music, Inc. v. Justin Combs Pub.,* 507 F.3d 470, 492 (6th Cir. 2007); *see also Walt Disney Co. v. Powell,* 897 F.2d 565, 567 (D.C. Cir. 1990).  Accordingly, Righthaven respectfully requests the Court enter the Order for Permanent Injunction in its proposed form.

## IV.    CONCLUSION

For the reasons set forth above, Righthaven respectfully requests the Court enter default judgment against Defendant which grants the following relief:

1.      An award of statutory damages in the amount of $30,000.00 pursuant to 17 U.S.C. § 504(c)(2) for infringement of the Work;

2.      An award increasing the above statutory damage award to $150,000.00 pursuant to 17 U.S.C. § 504(c)(2) based on a finding that Defendant's infringement of the Work was willful;

3.       An award of attorneys' fees in the amount of $ 1,500.00 and costs in the amount of $350.00 pursuant to 17 U.S.C. § 505;

4.      Entry of an Order for Permanent Injunction pursuant to 17 U.S.C. § 502(a);

5.      An award of prejudgment and post-judgment interest in accordance with applicable law;

6.      An order directing OnlineNIC, Inc., and any successor domain name registrar for the Internet domain found at <1ce.org> (the "Domain"), to lock the Domain and transfer control of same to Righthaven; and

7.    Such other relief as the Court deems just and proper.

Dated this 10th day of February, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701

*Attorney for Plaintiff Righthaven LLC*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I filed the foregoing document on February 10, 2011, via the Court's CM/ECF system.

> By: /s/ Shawn A. Mangano
> Shawn A. Mangano, Esq.