SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>BILL HYATT, an individual,<br><br>Defendant. | Case No.: 2:10-cv-01736-KJD-RJJ<br><br>**RIGHTHAVEN LLC'S REPONSE TO MEDIA BLOGGERS ASSOCIATION'S MOTION TO FILE *AMICUS CURIAE* BRIEF OR, ALTERNATIVELY, APPLICATION FOR BRIEFING SCHEDULE TO RESPOND TO PROPOSED *AMICUS CURIAE* BRIEF** |

Righthaven LLC ("Righthaven") hereby responds to the Media Bloggers Association's ("MBA") Motion to File *Amicus Curiae* Brief (the "Motion"; Doc. # 19).  In the event the Court is inclined to grant the Motion, Righthaven alternatively asks for entry of a briefing schedule so that it may respond to the issues raised in the proposed *Amicus* Brief (the "Brief"; Doc. # 19-1). Righthaven requests a minimum of twenty-one (21) days to respond to the MBA's proposed Brief.

This submission is based on the pleadings and papers on file in this action, any oral argument this Court may allow, and any other matter upon which this Court takes notice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

MBA's belated request to appear in this action as *Amicus* comes over four months after this case was filed, after default has been entered against the sole defendant, Bill Hyatt (the "Defendant"), and after a motion for default judgment and a proposed order have been filed. MBA asserts that it "has no fiscal or direct interest in this litigation, but it is concerned about its outcome by virtue of its organizational mission." (Doc. # 19 at 2.) This case was filed on October 6, 2010. (Doc. # 1.) In the intervening time period, MBA took absolutely no action to express its concerns over the outcome of this case. Rather, MBA sat on the sidelines until the case was at the precipice of final adjudication until it decided to enter the fray. Given this procedural posture, it is completely unnecessary to now have a purportedly disinterested party join the fight in an attempt to raise issues that should have been raised by the Defendant prior to entry of default.

MBA's Motion is equally unnecessary given that the organization "takes no position regarding the appropriateness of default judgment in this case," which is the only issue pending before the Court. (Doc. # 19 at 1.) This concession in the Motion aside, a cursory review of the proposed Brief reveals that it is by no means neutral as to the appropriateness of the relief sought by Righthaven. (Doc. # 19-1.) Rather, this is a filing that could have just as easily been presented on behalf of the Defendant, had his rights not been terminated by entry of default, in response to Righthaven's pending motion for default judgment.

MBA's Motion and the proposed Brief are also inappropriate at this stage of the proceedings because default has been entered against the Defendant. Once default has been entered, the Complaint's factual allegations regarding the Defendant's liability must be accepted as true. *See Joe Hand Promotions, Inc. v. Pollard,* 2010 WL2902343, at *1 (E.D. Cal. 2010). Despite this fact, the proposed Brief talks at-length about the viability of Righthaven's copyright assignment and attacks what it has interpreted to be Righthaven's business model, which is clearly based upon secondhand sources and Internet blog postings. (Doc. # 19-1 at 1-10.) In this regard, MBA is simply attempting to make an end run around the requirements of Federal Rule

of Civil Procedure 55(c) ("Rule 55(c)"), which would require the Defendant to ask the Court to set aside the default so that such arguments can be properly presented in defense of liability. Granting MBA leave to file the proposed Brief, in view of its contents and in further view of default having been entered against the Defendant, would eviscerate the procedural effect of entry of default by allowing liability addressed arguments to be presented where liability has been conclusively established. The Court must reject MBA's improper invitation to sanction a means of sidestepping Rule 55(c) by denying the Motion.

## II.   STATEMENT OF FACTS

Righthaven filed this action on October 6, 2010. (Doc. # 1.) Service of the Summons and Complaint on Defendant was effectuated on October 11, 2010. (Doc. # 6.) Defendant failed to appear or otherwise defend the allegations made against him. Accordingly, on January 12, 2011, the Clerk of the Court entered Default against Defendant. (Doc. # 9.)

On February 8, 2011, Righthaven filed its Motion for Default Judgment. (Doc. # 12.) Righthaven amended this filing two days later, which is the version awaiting adjudication by the Court. (Doc. # 17.) Some two weeks after the filing of Righthaven's Amended Motion for Entry of Default Judgment, MBA filed its Motion and the proposed Brief. (Doc. # 19, 19-1.) MBA has never previously appeared in as *amicus* in any other Righthaven action.

## III.   ARGUMENT

### A. *Leave to Participate in Amici Capacity Should be Denied Where The Proposed Participant is Acting in an Adversarial Capacity.*

MBA has cited several district court decisions, including three decisions from this Court, in which *amicus curiae* applications have been granted. (Doc. # 19 at 2.) MBA, however, neglected to bring to the Court's attention the decision by now Chief Judge Roger in *Long v. Coast Resorts, Inc.,* 49 F.Supp.2d 1177 (D. Nev. 1999), which denied the United States government's request to participate in proceedings as *amicus curiae* counsel. *Id.* at 1178. Judge Hunt's decision in *Long* provides guidance for this Court's consideration of MBA's request to appear as *amicus curiae* counsel in this action. When this guidance is followed, the result should be the same – leave to participate as *amicus curiae* counsel should be denied.

3

As acknowledged by Judge Hunt, "[t]his Court recognizes that it has the power to permit the appearance as *amicus curiae*. However, it also has the power to reject it." *Id.* This power is not abridged by the consent of the parties, or their lack of objection, "particularly where the applicant's only concern is the manner in which this Court will interpret the law." *Id.* (citing *American College of Obstetricians and Gynecologists, Pennsylvania Section v. Thornburgh,* 699 F.2d 644 (3d Cir. 1983). Judge Hunt's analysis continued:

> Chief Judge Posner, of the Seventh Circuit, writes that, "The vast majority of *amicus curiae* briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's briefs. Such *amicus* briefs should not be allowed. They are an abuse. The term '*amicus curiae*' means friend of the court, not friend of a party." *Ryan v. Commodity Futures Trading Commission,* 125 F.3d 1062, 1063 (7th Cir. 1997).

*Long,* 49 F.Supp.2d at 1178.

Application of Judge Hunt's decision in *Long* to this case supports denying MBA's request to proceed as *amicus curiae* in this action. To begin with, MBA is clearly acting in an adversarial capacity despite the organization's proclamation of being simply concerned about the outcome of this case by virtue of their organizational mission. (Doc. # 19 at 2.) MBA's clear attempt to act as an adversary in this case is also contrary to its proclamation that it "takes no position regarding the appropriateness of default judgment in this case . . . ." (*Id.* at 1.) In fact, a cursory review of MBA's proposed Brief, in which spends at least the first ten pages attacking the purported Righthaven business model and the viability of the assignment of rights received by the company, calls into question how such proclamations of neutrality and disinterest could be made in view of the obligations imposed under Rule 11 of the Federal Rules of Civil Procedure.

One case cited by MBA deserves particular attention – *Righthaven LLC v. Center For Intercultural Organizing,* Case No. 2:10-cv-01322 ("*CIO*"). In *CIO*, Judge Mahan granted Jason Schultz's request to participate as *amicus counsel* in response to the Court's issuance of an Order to Show Cause on the issue of fair use, which was issued shortly after the inception of the case.

4

Thus, Judge Mahan's decision to grant *amicus* status in *CIO* is completely distinguishable from MBA's attempt to secure similar status in this case. Here, this case is not at its inception. It is at its conclusion. Default has been entered against the sole Defendant and his liability has been conclusively established. In this regard, MBA has cited absolutely no case law to support the Court granting it *amicus* status in view of default having been entered. If MBA wanted to participate in this action, it should have sought to do so at a much earlier time than some three weeks after submission of a motion for default judgment.

In short, MBA is by no means a friend of the court. MBA is clearly acting in an adversarial capacity in defense of a Defendant against whom default has been entered. As discussed below, MBA's attempted defense of the defaulted Defendant is also improper in that the organization's *amicus* participation would serve as a means for sidestepping the showing required to obtain relief from default under Rule 55(c). This obvious, negative procedural implication of granting MBA's participation in this case could have been easily avoided had the organization sought to do so at a much earlier time. It did not do so. Rather, it chose to wait until two weeks after Righthaven moved for entry of a default judgment to suddenly appear. Accordingly, the Court should deny the Motion and preclude MBA from filing the proposed Brief.

**B.** ***The Motion Should be Denied Because Permitting MBA's Participation Would Subvert The Procedural Requirements of Rule 55(c).***

MBA is seeking to participate in this action after default has been entered against the only named defendant. As such, granting MBA's Motion would allow the submission of arguments and defenses that the Defendant would be precluded from introducing absent obtaining relief from default under Rule 55(c). The Court should deny MBA's apparent attempt to sidestep Rule 55(c)'s procedural requirements.

Entry of default in this case has been conclusively established the Defendant's liability. *See Joe Hand Promotions, Inc.,* 2010 WL2902343, at *1; *see also DirectTV v. Huynh,* 503 F.3d 847, 851 (9th Cir. 2007); *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987). Under Rule 55(c), the Defendant may seek to set aside entry of default provided he

5

demonstrates "good cause", which has been construed to require "good reason for setting aside the default" and demonstration of "the existence of a meritorious defense." *See Tri-Continental Leasing Corp., Inc. v. Zimmerman,* 485 F.Supp. 495, 497 (N.D. Cal. 1980). Absent obtaining relief under Rule 55(c), the Defendant's right to challenge the allegations against him are extinguished. *See Joe Hand Promotions, Inc.,* 2010 WL2902343, at *1.

Here, MBA's Motion and the proposed Brief are clearly an attempt to participate in this action in support of the Defendant's cause despite the Defendant's rights to do so having been terminated through entry of default absent relief under Rule 55(c). As such, MBA's participation in this case would allow it to sidestep the Defendant's requirement to demonstrate entitlement to relief under 55(c) based on the organization's purported desire to appear as a friend of the Court. While this may not be MBA's stated intent, it certainly is the practical impact of permitting it to proceed as *amicus* in this case given the procedural posture. Moreover, the degree of contempt for Righthaven contained in its proposed Brief clearly demonstrates its desire to obtain a result favorable to Defendant despite the organization's illusory claim of neutrality. In short, MBA spends the vast majority of its proposed Brief lodging a host of unsupported attacks at Righthaven's business model, the viability of the assignment received by it and its entitlement to recovery in this case. In fact, the content contained in MBA's proposed Brief reads like it was disseminated on an anti-Righthaven blog – not by counsel for an alleged association of Internet bloggers.

Denying MBA leave to participate in this case given that default has been entered is clearly justified in order to guard against a collateral attack to the default without complying with the requirements for relief under Rule 55(c). While MBA may contend that denying its Motion on such the grounds would be unfair, the organization could have avoided such a result had it sought to participate at an earlier time than three weeks after Righthaven moved for entry of default judgment. Accordingly, the Motion should be denied.

### C. *Alternatively, Righthaven Requests Entry of a Briefing Schedule That Allows it Sufficient Time to Respond to MBA's Proposed Brief.*

MBA's Motion should be denied. If the Court elects to grant the Motion, which it should not, Righthaven asks that a briefing schedule be entered by the Court that allows it sufficient time to respond to the numerous allegations and baseless assertions contained in the proposed Brief. Righthaven requests a minimum of twenty-one (21) days to respond to the MBA's proposed Brief.

### IV. CONCLUSION

For the foregoing reasons, Righthaven asks the Court to deny MBA's Motion and grant such other relief as it deems necessary. Alternatively, if the Court grants MBA's Motion, Righthaven requests the entry of a briefing schedule with provides it with at least twenty-one (21) days to respond to the proposed Brief following entry of said order.

Dated this 10th day of March, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Plaintiff Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 10th day of March, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*