J. Malcolm DeVoy IV (Nevada Bar No. 11950)
Marc Randazza (*Application for pro hac vice admission pending*)
RANDAZZA LEGAL GROUP
jmd@Randazza.com
mjr@Randazza.com
7001 W. Charleston Boulevard, # 1043
Las Vegas, NV 89117
Telephone: 888-667-1113
Facsimile: 305-437-7662

Ronald D. Coleman  (*Application for pro hac vice admission pending*)
GOETZ FITZPATRICK LLP
rcoleman@goetzfitz.com
1 Penn Plaza – Suite 4401
New York, NY  10119
Telephone: 212-695-8100
Facsimile: 212-629-4013

Attorneys for *Amicus Curiae*,
Media Bloggers Association

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN, LLC, a Nevada limited liability company,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BILL HYATT, an individual<br><br>　　　　　　Defendant. | Case No. 2:10-cv-01736<br><br>***AMICUS CURIAE*'S REPLY TO RIGHTHAVEN LLC'S REPONSE TO MEDIA BLOGGERS ASSOCIATION'S MOTION TO FILE *AMICUS CURIAE* BRIEF OR, ALTERNATIVELY, APPLICATION FOR BRIEFING SCHEDULE TO RESPOND TO PROPOSED *AMICUS CURIAE* BRIEF** |

<u>***AMICUS CURIAE*'S REPLY TO RIGHTHAVEN, LLC'S RESPONSE,**</u>

<u>**OR APPLICATION FOR BRIEFING SCHEDULE**</u>

Non-party organization Media Bloggers Association (hereinafter, the "*Amicus*") hereby replies to Plaintiff Righthaven LLC's (hereinafter, "Righthaven['s]" or the "Plaintiff['s]") Response to Media Bloggers Association's Motion to File Amicus Curiae Brief or, alternatively,

- 1 -

Application for Briefing Schedule to Respond to Proposed Amicus Curiae Brief (hereinafter, the "Opposition") (Doc. # 22).

**I. Introduction**

In its Opposition, Righthaven raises a number of misdirected and highly irrelevant arguments in an effort to keep *Amicus*' research and analysis away from the Court's eyes. Righthaven claims that *Amicus*' proposed *amicus curiae* Brief (Doc. #19-1) (hereinafter, the "Brief"), which addressed the constitutional limit on damages that a court can award upon default, should be denied as untimely. But *Amicus*, whose members enforce their own copyrights, does not contest the entry of default judgment, and thus any earlier entry into this case would have been improper. *Amicus*' only interest here is Righthaven's attempt to secure unconscionable damages that have no relationship to any harm Righthaven has actually suffered or any other basis. *Amicus*' concern is with how such a damages award would affect its members' interests, and it therefore has spoken only at a juncture appropriate to consideration of what it has to say.

Contrary to the insinuation by Righthaven, there is no alliance between *Amicus* and Defendant Bill Hyatt (hereinafter "Hyatt," or the "Defendant"). *Amicus* has made this submission to protect the interests of its own membership. Neither *Amicus* nor *Amicus*' counsel represent Hyatt, nor have they had any communications with him. Decl. of Ronald D. Coleman ¶¶ 2-3; Decl. of J. Malcolm DeVoy ¶¶ 2-3. Moreover, *Amicus*' motion and accompanying brief (Doc. # 19, 19-1) are not a Rule 55(c) motion to set aside the default judgment; nor does *Amicus* wish to see the default set aside. In fact, *Amicus*' interests are aligned with those of Righthaven when it comes to whether a defaulting party in a copyright infringement lawsuit should be held liable for the claims in the complaint. *Amicus*' position is that a party that fails to answer a complaint *should* be deemed to have waived his right to contest the allegations therein. As stated above, however, *Amicus*' sole assertion concerns the amount and nature of damages that Righthaven should be able to recover in this case. To the extent it matters, and to resolve any doubt, *Amicus* stipulates that a default judgment should be imposed against Hyatt. Amicus' sole interest is in

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

- 2 -

edifying the Court on factual and legal issues, so as to inform the Court's application of its discretion to fashion an award in this case.

Having eliminated the "default" strawman, and acknowledging that the only issue before the Court is Righthaven's damages for copyright infringement, it is respectfully submitted that *Amicus* has made the proper argument at the proper time: the award of damages, both in terms of the recovery to which Righthaven is entitled and the constitutional limits governing this Court's ultimate award.

**II. Statement of Facts**

Righthaven commenced its action against Defendant on October 6, 2010 (Doc. #1). Defendant failed to appear or otherwise answer the Complaint filed against him, and the Court's clerk entered judgment against Defendant on January 12, 2011. (Doc. #9.)  Righthaven filed its Motion for Default Judgment (Doc. #12) on February 8, 2011, followed by its Amended Motion for Entry of Default Judgment (Doc. #17) on February 10, 2011.  *Amicus* filed its Motion for Leave and Brief (Docs. #19, 19-1) on February 23, 2011, which Righthaven opposed on March 10, 2011 (Doc. #22).

**III. Argument**

*Amicus*' Motion for Leave and accompanying Brief (Docs. #19, 19-1) are properly before this Court.  Given *Amicus*' stake in this Court's damages award, and the Defendant's complete lack of participation in this important case, it is perfectly appropriate for *Amicus* to participate and have its Brief considered by this Court.  The arguments and information set forth within the Brief are useful to the Court, and will, *Amicus* respectfully submits, inform the Court's determination of damages.  Because *Amicus*' Brief addresses the damages that Righthaven is entitled to by law and the circumstances of this case, and not the propriety of the entry of a default judgment, *Amicus*' Motion and Brief are timely before this Court, as it has not yet ruled on that issue.

/

/

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

**A. The Court Should Grant Amicus' Leave to File the Motion.**

*1. Amicus' Participation in this Case is Appropriate Given Amicus' Nature, Membership and Relationship to this Issues at Bar.*

*Amicus*' participation in this case is appropriate because of its stake in this litigation's outcome, particularly the Court's award of damages to Righthaven.  In its reliance on *Long v. Coast Resorts, Incorporated*, 49 F. Supp. 2d 1177 (D. Nev. 1999), Righthaven overlooks more recent trend in this District of allowing *amicus* briefs by parties interested in the litigation.  *See U.S. v. Perelman*, Case No. 2:09-CR-00443-KJD-LRL, *2010 WL 3312627* (D. Nev. Aug. 19, 2010) (accepting non-participant's *amicus* brief); *PEST Committee v. Miller*, 648 F. Supp. 2d 1202, 1214 (D. Nev. 2009) (treating motions to intervene as amicus briefs).  Righthaven itself has, in some of its many recent cases, been faced with courts allowing *amicus* briefs to be submitted by outside parties who may be affected by the case, despite the fact that they are not direct participants.  *Righthaven LLC v. Ctr. For Intercultural Organizing*, Case No. 2:10-cv-01322, Doc. # 19 (D. Nev., Filed Dec. 15, 2010).

The applicable rule is general, permissive, and commits the fundamental decision to the Court's discretion.  A party may appear and submit briefing as *amicus curiae* if, as here, "the amicus has unique information or perspective that can help the court," and if the information offered is both timely and useful. *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003); *Long*, 49 F. Supp. 2d at 1178, (quoting *Waste Mgmt. of Pennsylvania v. City of York*, 162 F.R.D. 34 (M.D. Pa. 1995)).  The primary purpose of allowing *amicus* briefs is that the *amicus curiae* offers "insights not available from the parties," aiding the Court in making its decision. *Citizens Against Casino Gambling v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007).  In this case, critical issue of law and policy that ought to inform the Court's award of damages have not been placed before the Court by the parties.  Absent the voice of *Amicus*, the only presentation of the issue before the Court would be Righthaven's request for, and thin justification of, an unconscionable award of $150,000.

Randazza Legal Group
7001 W Charleston Blvd #1043
Las Vegas, NV 89117
(888) 667-1113

Righthaven takes the position that the *Amicus* is an improper friend of the court because it is not "neutral." But there is no requirement that an *amicus* be impartial, and indeed the very notion of an impartial *amicus* is impossible to square with Fed. R. App. P. 29, which requires an *amicus* to have some "interest" in the case. *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128 (3d Cir. 2002). If an *amicus* had no view of the issues at bar it would have no occasion to file papers in the first place.

As a party with an interest in the outcome of this litigation, but no direct involvement as plaintiff or defendant, *Amicus* has standing to submit an *amicus curiae* brief in this case. *Ctr. For Intercultural Organizing*, Case No. 2:10-cv-01322, Doc. # 19. *Amicus* has not entered this case on Defendant's behalf, nor does it seek to overturn the Court's entry of default judgment against Defendant under Rule 55(c). *Amicus*' participation is limited to the submission of its Motion for Leave and attached Brief (Docs. # 19, 19-1) relating to damages. As explained below, *Amicus*' submission satisfies the requirements that all amicus briefs be useful and timely submitted.

### 2. Amicus' Brief is Useful to the Court in Determining Damages

For a court to properly consider an *amicus* brief, the *amicus*' submission must be useful. The basis for meeting this test is found in the submitting party's "unique information or perspective" found in its brief. *Sonoma Falls*, 272 F. Supp. 2d at 925. This unique viewpoint is most needed when, as here, the submission contains a perspective or information that is "not available from the parties," and upon satisfying themselves that an amicus offers it, courts are likely to grant leave to file an *amicus* brief in cases, such as this one, involving matters of public interest. *Andersen v. Leavitt*, Case No. 03-cv-6115 (DRH) (ARL) *2007 U.S. Dist. LEXIS 59108* at *6-7 (E.D.N.Y. Aug. 13, 2007). Moreover, under *Ryan v. Commodity Futures Trading Comm.*, 125 F.3d 1062, 1063 (7th Cir. 1997) – the reasoning of which was adopted in *Long*, which Righthaven cites in its opposition (Doc. # 22 at 3:23-24) – *amicus* briefs should normally be allowed when, as here, "**a party is not represented competently or not represented at all**." *Ryan,* 125 F.3d at 1063; *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008); *Citizens Against Casino Gaming*, 471 F. Supp. 2d at 311; *Cobell v. Norton*, 246 F. Supp. 2d 59,

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

62 (D.D.C. 2003); *Long*, 49 F. Supp. 2d at 1178; *Nat'l Petrochemical & Refiners Ass'n v. Goldstene*, Case No. CV-F-10-163 *2010 U.S. Dist. LEXIS 61394* at *4-5 (E.D. Cal. June 3, 2010); *Rocky Mtn. Farmers Union v. Goldstene*, Case No. CV-F-10-2234 *2010 U.S. Dist LEXIS 56493* at *5-6 (E.D. Cal. May 11, 2010).

*Amicus*' Brief satisfies all of these requirements. *Amicus* is the first and only entity to supply this Court with briefing drawing attention to the due process limitations on Righthaven's request for damages (Doc. #19-1). Additionally, *Amicus* has supplied this Court with information about Righthaven's business model, the gossamer harms it has "suffered" as a result of Defendant's actions, and broader operating context – all of which are relevant to the question of the proper measure of damages due to Righthaven.

The perspective offered by Amicus is also relevant to its usefulness to the Court. *Amicus* represents bloggers who produce original content and base their research, at least in part, on traditional news outlets – the types of which have dubiously assigned their Copyrights to Righthaven (Doc. #19-1 at 5:18-23, Exh. 1). As a group that is familiar with Defendant's situation, while not stepping into Defendant's shoes, *Amicus* is uniquely positioned to discuss the full panoply of ramifications both in terms of this Court's mandate to do justice and for the free flow of information generally if Righthaven would be awarded the insane damages award it seeks. The constitutionally-protected expressive activities of *Amicus'* members would certainly be chilled by such an unjust result, as would their legally-protected use of excerpts from mainstream news publications fairly regarded as Fair Use under 17 U.S.C. § 107. If the penalty for guessing wrong on a Fair Use judgment call is potentially $150,000, *Amicus'* membership would simply have to restrict its free speech far more than if an errant Fair Use judgment call comes with a potential $750 price tag. In short, the *Amicus* not only has a vested interest in how this court calculates the damages, but it is uniquely positioned to bring the most relevant perspective possible to the arsenal of understanding the Court will use when rendering its decision.

Randazza
Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

- 6 -

Indeed, this case, like other Righthaven cases, and like Righthaven's general manner of operations, has received significant media attention. (Doc. #19-1 at 9 n. 6.) Many articles have appeared in publications with regional and national audiences inquring into Righthaven's litigation tactics and its business model of suing bloggers and small websites. (*Id.*) The public interest surrounding these cases weighs strongly in favor of the Court considering the *Amicus* brief.

Yet absent the *Amicus* brief, the only information and argument on damages is that which Righthaven has offered this Court: the half-truth that the Copyright Act allows for $150,000 in statutory damages for willful infringement,[1] plus costs and attorneys' fees. (*See* Doc. #17.)

Where Defendant has failed to respond to the Complaint at all, *Amicus* cannot effectively pick up where his briefing left off, as Righthaven's use of *Long* suggests to argue. (Doc. #22 at 4.) The information set forth by *Amicus* in its brief is helpful to this Court in determining Righthaven's damage award, and is of particular importance – and admissibility – because of Defendant's lack of representation. There is, consequently, no other source by which the arguments set forth by *Amicus* can come before the Court, which in dispensing justice deserves the opportunity to review both sides of a matter before rendering a decision – especially a decision that could send a cold wind blowing across the fields of free expression nationwide. What might once have been an unremarkable infringement case involving unremarkable copyrights has, because of the Righthaven business model and its outrageous damages request, suddenly vested this Court's damages ruling with implications of national importance. A decision with such potentially far-reaching consequences, and of constitutional scope, should not be made by a Court hearing only one side of the issue.

### 3. *Amicus' Motion for Leave and Brief are Timely Submitted to this Court.*

*Amicus'* brief, which addresses solely the issue of damages to be awarded by this Court, has timely been filed. While Righthaven claims that it is too late to overturn Defendant's default judgment, *Amicus* has no interest in doing so, and Righthaven's argument is irrelevant to the

---

[1] 17 U.S.C. § 504(c).

- 7 -

contents of *Amicus'* proposed submission (Doc. #19-1). In contrast, the issue that is addressed by *Amicus'* brief, the measure of damages that the Court is to award Righthaven in this case, has not yet been decided, as the issue of damages is still pending before this Court.

Moreover, Righthaven's claim that *Amicus* is too late to participate in this case is not supported by case law. In *Andersen v. Leavitt*, the *amicus*-submitting party requested leave only after the parties had submitted cross-motions for summary judgment. *2007 U.S. Dist. LEXIS 59108* at *17-18. Refusing to penalize the *amicus* there, the court reasoned that because the *amicus curiae* brief and accompanying motion for leave did not delay the court in ruling on the parties' cross-motions, and because the case was theretofore not widely publicized, there was no reason for the party submitting the *amicus* brief to act sooner, and the brief was accepted. *Id*. Nor is mere "delay" a sufficient basis for deeming an *amicus* submission untimely; the proper standard is whether granting Amicus' motion for leave will create "unreasonable" delay. *Id*. at *17, citing *Long*, 49 F. Supp. 2d at 1178. Here *Amicus* does not seek to stand in as defense counsel for Mr. Hyatt; *Amicus* only seeks to defend due process with respect to an issue of critical concern to its members. *Amicus* entered this case at the relevant time, and not sooner – for prior to the Plaintiff's phenomenal request for $150,000 in damages, *Amicus* had nothing to say – and not a moment too late.

**B. Righthaven Should Not Be Allowed to Treat Amicus' Brief as an Adverse Motion, and a Briefing Schedule Should Not be Ordered.**

Righthaven's request for a briefing schedule in response to *Amicus'* Brief, if the Court grants leave for it to be filed, should be denied. Despite Righthaven's mischaracterizations, *Amicus'* brief is not a motion to set aside default judgment under Rule 55(c), nor is it brought on behalf of the defendant; it is a collection of facts and arguments presented by an interested entity that is not a defendant or plaintiff in this action, solely to inform the court on the amount of damages – an issue that is completely within the Court's discretion. As such, it should not be treated as an adverse motion that requires a briefing schedule and entitles Righthaven to an opportunity to respond. Local Rule 7-2 allows for opposition and reply briefing for motions, but

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

an *amicus curiae* brief, such as *Amicus'* proposed submission here, is not a motion – it is simply information and argumentation submitted to the Court for its consideration with respect to a pending substantive decision already before it. Once the Court decides on *Amicus'* procedural Motion for Leave (Doc. #19), no additional briefing is needed or justified. Thus, for example, no briefing schedule was set for the *amicus curiae* brief accepted by the Court in *Ctr. For Intercultural Organizing*, Case No. 2:10-cv-01322, Doc. # 19.

Ironically, the delay Righthaven alleges *Amicus* to have imposed upon this case (Doc. #22 at 5:14-17) would be exacerbated by allowing it time to file a response brief, especially one requiring such extraordinary duration to prepare – 21 days, whereas *Amicus'* initial brief was filed a mere 13 days after Righthaven's outrageous demand for $150,000 – and ignoring the opposition already filed by Righthaven and to which this paper is a reply.

Ultimately, providing Righthaven yet another opportunity for opposition briefing in response to an amicus brief is unsupported by precedent. Such a submission would only slow matters down even further. Righthaven's request for it, then, belies its supposed concerns for procedure and delay – and demonstrates that it is concerned only about not getting the final word in a case where it has already secured a default judgment.

**Conclusion**

This Court is justified in granting *Amicus'* Motion for Leave and should do so, allowing the Media Bloggers Association's *Amicus* Brief to be part of the record in this case. As the defendant has not participated in this case, an *Amicus* brief is particularly appropriate. *Ryan,* 125 F.3d at 1063. *Amicus'* brief is not a motion to set aside Defendant's default judgment -- not in any form, including "in disguise" as Righthaven argues – but is, rather, a presentation of the utmost relevance to the Court in assessing the damages Righthaven may be awarded here in light of applicable precedent and constitutional considerations. *Amicus'* submissions contain relevant information that is not available from any other party, and is unique for that reason alone, but it is of additional value because of *Amicus'* perspective as the representative of bloggers similarly situated to Defendant.

Randazza Legal Group
7001 W Charleston Blvd
#1043
Las Vegas, NV 89117
(888) 667-1113

As the Court has yet to rule on the damages issue, *Amicus'* Brief and Motion for Leave are timely submitted, and should be granted.  Moreover, *Amicus'* Brief should not be treated as an adverse filing. Amicus is not acting for the Defendant or otherwise intervening; it is filing only an *amicus curiae* brief, to which a response is not justified.  As such, Righthaven's request for a briefing schedule so it may respond to the *Amicus Brief* – despite its stated concerns regarding delay in this case – should be denied.

Dated March 14, 2011

Respectfully Submitted,

RANDAZZA LEGAL GROUP

_____
J. Malcolm DeVoy IV
Marc J. Randazza

Ronald D. Coleman
GOETZ FITZPATRICK LLP

Attorneys for *Amicus Curiae*,
*Media Bloggers Association*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am a representative of Randazza Legal Group and that on this 14th day of March, 2011, I caused documents entitled:

*AMICUS CURIAE*'S REPLY TO RIGHTHAVEN LLC'S REPONSE TO MEDIA BLOGGERS ASSOCIATION'S MOTION TO FILE *AMICUS CURIAE* BRIEF OR, ALTERNATIVELY, APPLICATION FOR BRIEFING SCHEDULE TO RESPOND TO PROPOSED *AMICUS CURIAE* BRIEF

to be served as follows:

[ ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Steven A. Gibson, Esq., Righthaven, LLC, 9960 West Cheyenne Avenue, Suite 210, Las Vegas, Nevada, 89129-7701; and/or

[ X ]   by depositing same for mailing in the United States Mail, in a sealed envelope addressed to Bill Hyatt, 848 Luther Road, East Greenbush, NY, 12061; upon which first class postage was fully prepaid; and/or

[ ]   Pursuant to Fed. R. Civ. P. 5(b)(2)(D), to be sent via facsimile as indicated; and/or

[ ]   to be hand-delivered;

[ X ]   by the Court's CM/ECF system.

/s/ J. Malcolm DeVoy
J. Malcolm DeVoy