UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RIGHTHAVEN, LLC,

    Plaintiff,

v.

BILL HYATT,

    Defendant.

Case No. 2:10-CV-01736-KJD-RJJ

**ORDER**

Presently before the Court is Plaintiff's Amended Motion for Default Judgment (#17). The Court has also considered the Brief of *Amicus Curiae*, Media Blogger's Association (#29). Plaintiff Righthaven, LLC filed a response (#35) to which Media Blogger's Association ("the Association") replied (#38).

I.  Procedural History

Plaintiff's Complaint (#1) alleging copyright infringing conduct by Defendant was filed on October 6, 2010. Defendant was served with the summons and complaint on October 10, 2010. Defendant's answer was due on November 1, 2010. Though the time for doing so has passed, Defendant has failed to answer or otherwise respond to the complaint. The Clerk of the Court entered default as to Defendant Bill Hyatt on January 12, 2011. On February 10, 2011, Plaintiff filed the present Amended Motion for Default Judgment. The Association filed for leave to file an *amicus*

brief on February 23, 2011 which was granted by the Court. In addition to addressing the issue of damages, the briefing addressed Plaintiff's standing under the Copyright Act.

II.  Jurisdiction

Federal courts are "required *sua sponte* to examine jurisdictional issues" such as lack of subject-matter jurisdiction. Bernhardt v. County of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002). If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action. See Fed. R. Civ. P. 12(h)(3). Dismissal for lack of subject matter jurisdiction is proper if the complaint, considered in its entirety, fails to allege facts that are sufficient to establish subject-matter jurisdiction. In re Dynamic Random Access Memory (DRAM) Antitrust Litigation, 546 F.3d 981, 984-85 (9th Cir. 2008).

Section 501(b) of the 1976 Copyright Act ("Act") establishes who is legally authorized to sue for infringement of a copyright:

> The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for an infringement of that particular right committed while he or she is the owner of it.

17 U.S.C. § 501(b). Therefore, to be entitled to sue for copyright infringement, the plaintiff must be the "legal or beneficial owner of an exclusive right under a copyright." See Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 884 (9th Cir. 2005). If the plaintiff "is not a proper owner of the copyright rights, then it cannot invoke copyright protection stemming from the exclusive rights belonging to the owner, including infringement of the copyright." Id. (quoting 4 Business and Commercial Litigation in Federal Courts, at 1062 § 65.3(a)(4) (Robert Haig ed.)). Section 106 of the Act defines and limits the exclusive rights under copyright law.[1] Id. at 884-85. While these

---

[1] "[T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following: **(1)** to reproduce the copyrighted work in copies or phonorecords; **(2)** to prepare derivative works based upon the copyrighted work; **(3)** to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; **(4)** in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; **(5)** in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and **(6)** in the case of sound

exclusive rights may be transferred and owned separately, the assignment of a bare right to sue is ineffectual because it is not one of the exclusive rights. Id. Since the right to sue is not one of the exclusive rights, transfer solely of the right to sue does not confer standing on the assignee. Id. at 890. Additionally, the "bare assignment of an accrued cause of action is impermissible under [the Act]." Id.  One can only obtain a right to sue on a copyright if the party also obtains one of the exclusive rights in the copyright. See id.

III.  Analysis

Just as this Court has previously found in other actions, the Strategic Alliance Agreement ("SAA") at issue in this case expressly denies Righthaven any right from future assignments other than the bare right to bring and profit from a copyright infringement action.[2]  It is clear from Section 7.2 of the SAA that Plaintiff is prevented from obtaining, having, or otherwise exercising any right other than the bare right to sue, which is expressly forbidden pursuant to Silvers. As a result, Plaintiff lacks standing to maintain this lawsuit, because it is clear that the entirety of the SAA was designed to prevent Righthaven from becoming "an *owner* of *any exclusive* right in the copyright…," Silvers, 402 F.3d at 886 (emphasis in original), regardless of Righthaven and Stephens Media's *post hoc* explanations of the SAA's intent or later amendments.

Plaintiff argues that the amendment it executed with Stephens Media on May 9, 2011 fixes any possible errors in the original SAA that would prevent Plaintiff from having standing in this matter. This amendment, however, cannot create standing because "[t]he existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint was filed*." Lujan v. Defenders of Wildlife, 504 U.S. 555, 571 n.4 (1992) (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)) (emphasis in Lujan). Although a court may allow parties to amend defective allegations of jurisdiction, it may not allow the parties to amend the facts

---

recordings, to perform the copyrighted work publicly by means of a digital audio transmission." 17 U.S.C. § 106.

[2] See Case No. 2:10-cv-01066-KJD-GWF, Righthaven, LLC v. Mostofi, Order, Doc. No. 34.

3

themselves. Newman-Green, 490 U.S. at 830.  Here, Plaintiff and Stephens Media attempt to impermissibly amend the facts to manufacture standing. Therefore, the Court shall not consider the amended language of the SAA, but the actual assignment and language of the SAA as it existed at the time the complaint was filed.

Because the SAA prevents Plaintiff from obtaining any of the exclusive rights necessary to maintain standing in a copyright infringement action, the Court finds that Plaintiff lacks standing in this case. Accordingly, the Court dismisses Plaintiff's Complaint.

## IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint is **DISMISSED for lack of subject-matter jurisdiction**.

DATED this 19th day of August 2011.

_____
Kent J. Dawson
United States District Judge